CALVIN E. DAVIS  (SBN:  101640)
AARON P. RUDIN  (SBN:  223004)
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
E-mail: cdavis@gordonrees.com;
arudin@gordonrees.com

Attorneys for Plaintiffs JC FRANCHISING,
INC. and CURVES INTERNATIONAL
HOLDINGS, INC.

UNITED STATE DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| JC FRANCHISING, INC, a Texas corporation, and CURVES INTERNATIONAL HOLDINGS, INC.,, a Texas corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> PICKENS HOLDINGS & MANAGEMENT, LLC, a South Carolina limited liability company, PICKENS UNLIMITED, INC., a South Carolina corporation, and KEVIN PICKENS, an individual, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF FOR:** <br><br> **(1)  TRADEMARK INFRINGEMENT;** <br> **(2)   FEDERAL UNFAIR COMPETITION, LANHAM ACT 15 U.S.C. § 1125;** <br> **(3)  TRADEMARK DILUTION;** <br> **(4)  COMMON LAW TRADEMARK INFRINGEMENT** <br> **(5)  COMMON LAW UNFAIR COMPETITION** |

Plaintiffs JC Franchising, Inc., a Texas corporation (hereinafter referred to as "Jenny Craig") and Curves International Holdings, Inc. (hereinafter referred to as "Curves") (collectively referred to hereinafter as "Plaintiffs"), for their causes of action against Defendants Pickens Holdings & Management, LLC, a South Carolina limited liability company (hereinafter referred to as "PH&M"), Pickens Unlimited, Inc., a South Carolina corporation (hereinafter referred to as "PUI") and Kevin Pickens, an individual ("Pickens") (collectively referred to hereinafter as "Defendants"), allege as follows:

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

## I.   JURISDICTION AND VENUE

1.      This action arises under the trademark laws of the United States, specifically 15 U.S.C. § 1051 *et seq.*, and under state law governing unfair competition.

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 15 U.S.C. § 1121 and, with respect to the state law claims, 28 U.S.C. § 1367.

3.      Venue is proper in this Court because the Franchise Agreements entered into by the Defendants contain valid and enforceable forum selection clauses that provided in pertinent part: "[E]ither party hereto may initiate a court action to obtain temporary, preliminary or permanent injunctive relief as to any claim arising from or out of this Agreement or the relationship between the parties. Any such action shall be commenced in courts, state or federal, in California."

## II.   THE PARTIES

4.      Plaintiff Jenny Craig is a Texas corporation, with its principal place of business in the State of Texas, is the successor in interest to Jenny Craig Franchising, LLC.

5.      Plaintiff Curves is a Texas corporation, with its principal place of business in the State of Texas, and is the parent company to Jenny Craig.

6.      Defendant PH&M is a South Carolina limited liability company, with its principal place of business in South Carolina.

7.      Defendant PUI is a South Carolina corporation, with its principal place of business in South Carolina.

8.      Defendant Pickens is an individual who resides in the State of South Carolina, and is the President of PH&M and PUI.

9.      Plaintiffs are informed and believe, and on that basis allege, that at all relevant times herein Defendants were each acting as an agent, servant or representative of each of said other Defendants, or were at all times mentioned

1  herein acting within the course and scope of such agency, servitude or

2  representation, and that all acts of said Defendants, and each of them, were

3  authorized, directed and ratified by each of the remaining Defendants.

4  **III.    THE JENNY CRAIG® MARKS**

5      10.    Jenny Craig owns a proprietary system for establishing and operating

6  Weight Loss and Weight Management Centres that provide products and services

7  to customers to help them manage their body weight, including, but not limited to,

8  individual consultations, recommended exercise programs, authorized JENNY

9  CRAIG® - branded food and food supplement products ("Authorized Products"),

10  procedures for operations, procedures for management and inventory control and

11  advertising and promotional programs (hereinafter "the System").

12      11.    Jenny Craig utilizes and relies on certain trade names, service marks,

13  trademarks, logos, emblems and indicia of origin (collectively the "JENNY

14  CRAIG® Marks") to identify its System which are registered on the Principal

15  Register of the United States Patent and Trademark Office and which provide

16  brand identity for the System, including, but not limited to, United States

17  Registered Trademark No. 4,735,712 (stylized word mark – JENNY CRAIG® -

18  for Workbooks and printed guides about weight control, nutrition, and menu

19  planning; prepared soups; prepared meals; prepared foods; weight reduction, diet

20  planning and supervision services; nutrition counseling services; providing a

21  website featuring information, recipes and special offers in the field of weight loss,

22  diet planning and supervision and nutrition counseling, registered May 12, 2015)

23

24  

25

26

27

28  and No. 1,967,798 (stylized word mark – JENNY CRAIG® - for pre-recorded

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

audio tapes and video tapes about weight control, nutrition, menu planning and the like; workbooks and printed guides about weight control, nutrition, menu planning and the like; and prepared reduced calorie foods, registered April 16, 1996) depicted as follows

*Jenny Craig*

12.     The JENNY CRAIG® Marks are owned by Société des Produits Nestlé S.A., a Swiss corporation ("Nestlé").

13.     Pursuant to an Amended and Restated Intellectual Property License Agreement with Nestlé dated November 22, 2013, Curves has the exclusive right to use, and to license others to use, the JENNY CRAIG® Marks in a territory that includes, but is not limited to, the United States and has the right to bring infringement claims against third parties in order to protect the JENNY CRAIG® Marks.

14.     Through a license with Curves, Jenny Craig has the right to use, and to license others to use, the JENNY CRAIG® Marks.

15.     Jenny Craig markets, promotes and provides services to its Weight Loss and Weight Management Centre franchises throughout the United States and abroad.  In order to identify the origin of their services, Jenny Craig provides its franchises a non-exclusive license to utilize the JENNY CRAIG® Marks and the System, as well as its confidential operations manuals containing information and requirements for establishment and operation of a Weight Loss and Weight Management Centre and for use of the JENNY CRAIG® Marks, and in exchange Jenny Craig receives, among other things, royalty payments based on a percentage of its franchises' gross sales.

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

16.     Jenny Craig uses the JENNY CRAIG® Marks on goods, and in advertisements, education, training manuals, newsletters, global computer networks, training services and the like.  Jenny Craig has invested a considerable amount of time, money and effort in advertising and promoting the goods and services offered under the JENNY CRAIG® Marks and JENNY CRAIG® brand such that the JENNY CRAIG® Marks have become well recognized.

## IV.     FRANCHISE AGREEMENTS

17.     Defendant PH&M entered into a JENNY CRAIG® Franchise Agreement with Jenny Craig's predecessor in interest commencing on April 20, 2013 (the "Agreement No. 1.") Agreement No. 1 is attached hereto as Exhibit A and incorporated by reference as though fully set forth herein.

18.     Under Agreement No. 1, PH&M became a franchisee of Jenny Craig in connection with the operation of a Weight Loss and Weight Management Centre.  The location of this franchise was 1511 Woodruff Road, Unit E, Greenville, South Carolina 29607 (hereinafter referred to as "Centre No. 1").  Pursuant to the terms of Agreement No. 1, Jenny Craig agreed, among other things, to grant a non-exclusive license to PH&M to utilize the JENNY CRAIG® Marks and System.  In return, PH&M agreed, among other things, to pay to Jenny Craig a percentage of the Centre's gross sales under Section 4.2 of Agreement No. 1.

19.     In connection with Agreement No. 1, Pickens signed a Personal Guarantee, Indemnification and Acknowledgement ("Guarantee No. 1"), in which he personally guaranteed the payment and performance of all obligations owed to Jenny Craig under Agreement No. 1.  Guaranty No. 1 is included as Exhibit FA-3 to Agreement No.1 attached hereto as Exhibit A and incorporated by reference as though fully set forth herein.

20.     Defendant PH&M entered into a second JENNY CRAIG® Franchise Agreement with Jenny Craig's predecessor in interest commencing on April 20, 2013 (the "Agreement No. 2.") Agreement No. 2 is attached hereto as Exhibit B

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

-5-
COMPLAINT

and incorporated by reference as though fully set forth herein.

21.     Under Agreement No. 2, PH&M became a franchisee of Jenny Craig in connection with the operation of a Weight Loss and Weight Management Centre.  The location of this franchise was 1855 East Main Street, Spartanburg, South Carolina 29307 (hereinafter referred to as "Centre No. 2").  Pursuant to the terms of Agreement No. 2, Jenny Craig agreed, among other things, to grant a non-exclusive license to PH&M to utilize the JENNY CRAIG® Marks and System.  In return, PH&M agreed, among other things, to pay to Jenny Craig a percentage of the Centre's gross sales under Section 4.2 of Agreement No. 2.

22.     In connection with Agreement No. 2, Pickens signed a Personal Guarantee, Indemnification and Acknowledgement ("Guarantee No. 2"), in which he personally guaranteed the payment and performance of all obligations owed to Jenny Craig under Agreement No. 2.  Guaranty No. 2 is included as Exhibit FA-3 to Agreement No.2 attached hereto as Exhibit B and incorporated by reference as though fully set forth herein.

23.     Defendant PUI entered into a JENNY CRAIG® Franchise Agreement with Plaintiff's predecessor in interest commencing on April 20, 2013 (the "Agreement No. 3.").  Agreement No. 3 is attached hereto as Exhibit C and incorporated by reference as though fully set forth herein.

24.     Under Agreement No. 3, PUI became a franchisee of Jenny Craig in connection with the operation of a Weight Loss and Weight Management Centre. The location of this franchise was 69 Towne Drive, Blufton, South Carolina 29910 (hereinafter referred to as "Centre No. 3").  Pursuant to the terms of Agreement No. 3, Jenny Craig agreed, among other things, to grant a non-exclusive license to PUI to utilize the JENNY CRAIG® Marks and System.  In return, PUI agreed, among other things, to pay to Jenny Craig a percentage of the Centre's gross sales under Section 4.2 of Agreement No. 3.

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

25.     In connection with Agreement No. 3, Pickens signed a Personal Guarantee, Indemnification and Acknowledgement ("Guarantee No. 3"), in which he personally guaranteed the payment and performance of all obligations owed to Jenny Craig under Agreement No. 3.  Guaranty No. 3 is included as Exhibit FA-3 to Agreement No.3 attached hereto as Exhibit C and incorporated by reference as though fully set forth herein.

26.     Defendant PUI entered into a second JENNY CRAIG® Franchise Agreement with Jenny Craig's predecessor in interest commencing on April 20, 2013 (the "Agreement No. 4.").  Agreement No. 4 is attached hereto as Exhibit D and incorporated by reference as though fully set forth herein.

27.     Under Agreement No. 4, PUI became a franchisee of Jenny Craig in connection with the operation of a Weight Loss and Weight Management Centre. The location of this franchise was 10010 Abercorn Street, Suite 2B (hereinafter referred to as "Centre No. 4").  Pursuant to the terms of Agreement No. 4, Jenny Craig agreed, among other things, to grant a non-exclusive license to PUI to utilize the JENNY CRAIG® Marks and System.  In return, PUI agreed, among other things, to pay to Jenny Craig a percentage of the Centre's gross sales under Section 4.2 of Agreement No. 4.

28.     In connection with Agreement No. 4, Pickens signed a Personal Guarantee, Indemnification and Acknowledgement ("Guarantee No. 4"), in which he personally guaranteed the payment and performance of all obligations owed to Jenny Craig under Agreement No. 4.  Guaranty No. 4 is included as Exhibit FA-3 to Agreement No.4 attached hereto as Exhibit D and incorporated by reference as though fully set forth herein.

29.     Agreements Nos. 1-4 are collectively referred to hereinafter as the "Agreements", Centres Nos. 1-4 are collectively referred to hereinafter as the "Weight Loss and Weight Management Centres", and Guarantees Nos. 1-4 are collectively referred to hereinafter as the "Guarantees".

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

30.     Pursuant to Section 3.6 of the Agreements, Jenny Craig "shall have the right to specify in the Manuals or otherwise require that certain brands, types, makes, and/or models of communications, computer systems, computer software, and hardware to be used by, between, or among Weight Loss and Weight Management Centres."

31.     Pursuant to Section 5.7 of the Agreements, Defendants agreed "to maintain a competent, conscientious, trained staff in numbers sufficient to promptly service customers, including at least one (1) manager on duty at all times and to take such steps as are necessary to ensure that its employees preserve good customer relations and comply with such dress code as Franchisor may prescribe" and that Plaintiff "shall have the right to require Franchisee to employ one or more regional managers (who shall be individuals reasonably acceptable to Franchisor) to supervise the day to day operations of Franchisee's Centres, if Franchisee (and/or an affiliate of Franchisee) operates two or more Weight Loss and Weight Management Centres" and that "any such regional managers shall be required to attend and successfully complete the training course" specified in the Agreements.

32.     Pursuant to Section 5.10.1 of the Agreements, Defendants agreed that they "shall make, from time to time, such upgrades, and other changes to the electronic equipment utilized in the Centre and the Computer System as Franchisor may request in writing."

33.     Pursuant to Section 5.11 of the Agreements, Defendants agreed to operate the Centres "in strict conformity with such methods, standards, and specifications as Franchisor may from time to time prescribe in the Manuals or otherwise in writing."

34.     Pursuant to Section 5.11.2 of the Agreements, Defendants agreed to "sell or offer for sale only the Authorized Products to all customers."

35.     Pursuant to Section 9.3 of the Agreements, Defendants "shall also submit to Franchisor . . . for review and auditing, such other forms, reports,

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

records, information, and data as and when Franchisor may reasonably designate, in the form and format, and at the times and places reasonably required by Franchisor, upon request and as specified from time to time in the Manuals or otherwise in writing."

36.     Pursuant to Section 16.1 of the Agreements, Defendants agreed that they "shall promptly pay when due all taxes levied or assessed, including without limitation, unemployment and sales taxes, and all accounts and other indebtedness of every kind incurred by Franchisee in the conduct of the business franchised under this Agreement."

37.     Pursuant to Section 16.3 of the Agreements, Defendants agreed that they "shall have sole responsibility to compliance with all federal, state and local laws, rules and regulations relating to the full and proper conduct of the business franchised under this Agreement, including, without limitation, licenses to do business, health certificates, food handler's permits, fictitious name registrations, sales tax permits, and fire clearances" and agreed that they "shall timely obtain any and all permits certificates or licenses which may be necessary pursuant to such laws, rules and regulations."

38.     Pursuant to Section 13.3 of the Agreements, Jenny Craig may terminate the Agreements by "any other default by Franchisee of its obligations . . . by giving notice of termination . . . setting forth the nature of such default to Franchisee at least thirty (30) days prior to the effective date of termination; provided, however, that Franchisee may avoid termination by immediately initiating a remedy to cure such default, curing it to Franchisor's satisfaction, and by promptly providing proof therefor to Franchisor, all within the thirty (30) day period."

39.     Pursuant to Section 14 of the Agreements, "[u]pon termination or expiration of this Agreement, all rights granted to Franchisee shall forthwith terminate."

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

40.    Pursuant to Section 14.1 of the Agreements, upon termination and expiration of the Agreements, Defendants "shall immediately cease to operate the Centre, and shall not thereafter, directly or indirectly, represent to the public or hold itself out as a present or former franchisee of Franchisor."

41.    Pursuant to Section 14.2 of the Agreements, upon termination and expiration of the Agreements, Defendants "shall immediately and permanently cease to use, in any manner whatsoever, any confidential methods, procedures and techniques associated with the System, the mark "Jenny Craig" and all other Proprietary Marks and distinctive forms, slogans, signs, symbols, and devices associated with the System.  In particular, Franchisee shall cease to use, without limitation, all signs, advertising, materials, displays, stationery, forms, and any other articles that display the Proprietary Marks."

42.    Pursuant to Section 14.4.2 of the Agreements, upon termination or expiration of the Agreements, Defendants "shall cease use of all telephone numbers, and any domain names, websites, e-mail addresses, and any other identifiers whether or not authorized by Franchisor, used by Franchisee while operating the Centre."

43.    Pursuant to Section 14.5 of the Agreements, upon termination and expiration of the Agreements Defendants agreed that if they continued to operate a business or operated any other business, they would "not to use any reproduction, counterfeit copy, or colorable imitation of the Proprietary Marks, either in connection with such other business or the promotion thereof, which is likely to dilute Franchisor's rights in and to the Proprietary Marks, and further agrees not to utilize any designation of origin, description, trademark, service mark, or representation which suggests or represents a present or past association or connection with Franchisor, the System, or the Proprietary Marks."

44.    Pursuant to Section 14.7 of the Agreements, Defendants "shall pay Franchisor all damages, costs, and expenses, including reasonably attorneys' fees

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

1   incurred by Franchisor subsequent to termination or expiration of this Agreement

2   in obtaining injunctive or other relief for the enforcement of any provisions of this

3   Section 14."

4        45.    Pursuant to Section 14.8 of the Agreements, upon termination and

5   expiration of the Agreements, Defendants "shall immediately deliver to Franchisor

6   the Manuals, all copies of customers lists, all information concerning customer

7   prospects and leads of the franchised business, all documents promotion or other

8   materials of a proprietary nature or which bear any of the Proprietary Marks, and

9   all other records, and instructions containing confidential information."

10       46.    Pursuant to Section 14.9 of the Agreements, upon termination and

11   expiration of the Agreements, Jenny Craig "shall have the option . . . to assume the

12   lease or sublease, and to purchase from Franchisee any or all of the furnishings,

13   equipment, signs, fixtures, supplies and Authorized Products (including Branded

14   Products) of Franchisee related to the operation of the Centre, at the lesser of

15   Franchisee's cost or fair market value."

16   **V.    BREACH OF AGREEMENTS**

17       47.    After entering into the Agreements and operating as franchisees of

18   Jenny Craig, Defendants repeatedly committed material defaults of the Agreement

19   by, among other things, failing to operate their franchise in compliance with the

20   standards and specifications set forth in the Manuals and Agreements.  Among

21   other things, Defendants: (A) failed to operate in compliance with all federal, state,

22   and local laws, rules and regulations; (B) failed to promptly pay when due all taxes

23   levied or assessed; (C) failed to timely provide Jenny Craig with Profit and Loss

24   Reports; (D) failed to upgrade their computer equipment; (E) failed to maintain a

25   trained staff; and (F) offered non Authorized Products or services to customers in

26   their membership agreements.

27       48.    As a result, on September 27, 2016, Jenny Craig sent Defendants

28   written notice of the defaults and provided thirty (30) days to cure pursuant to

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

Section 13.3 of the Agreements.

49.     Defendants failed to timely cure the defaults and provide notice of such cure, and on November 16, 2016, Jenny Craig provided Defendants with written notice that the Agreements were terminated effective immediately.

## VI.   **UNAUTHORIZED USE OF TRADEMARKS**

50.     Defendants were informed that as of November 16, 2016, they were to immediately and permanently cease to using, in any manner whatsoever, any confidential methods, procedures and techniques associated with the System, the JENNY CRAIG® Marks, and all other Proprietary Marks and distinctive forms, slogans, signs, symbols and devices associated with the System, including ceasing to use all signs, advertising materials displays, stationery forms, and any other articles that display the JENNY CRAIG® Marks.

51.     Defendants were further notified on November 16, 2016, that they must cease operating the Weight Loss and Weight Management Centres, immediately deliver to Jenny Craig all operations manuals, copies of customers lists, information concerning customers prospects and leads of the franchised business, as well as all documents, promotion or other materials of a proprietary nature which bear any of the JENNY CRAIG® Marks, and all other records and instructions containing confidential information.

52.     In addition, Defendants were notified that they must immediately take actions necessary to transfer to Jenny Craig any telephone number and directory listings, and social media accounts associated with the Weight Loss and Weight Management Centres or the JENNY CRAIG® Marks, and cease use of all telephone numbers and domain names, websites, e-mail addresses and any other identifiers they used while operating the Weight Loss and Weight Management Centres.

53.     Defendants were also notified that they must assign their leases to Jenny Craig for the buildings where their Weight Loss and Weight Management

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

1  Centres were located.

2      54.    Jenny Craig has learned that Defendants have continued to operate the

3  Weight Loss and Weight Management Centres and use the JENNY CRAIG®

4  Marks and confidential information, without authorization from Plaintiffs and in

5  violation of the terms of the Agreements.

6      55.    Defendants have willfully ignored Jenny Craig's demands to cease

7  and desist use of the JENNY CRAIG® Marks.

8              **FIRST CLAIM FOR RELIEF**

9   **(By Plaintiffs For Federal Trademark Infringement Against All Defendants**

10           **Pursuant To 15 U.S.C. § 1114)**

11     56.    Plaintiffs incorporate by reference the allegations set forth above as

12  though fully set forth herein.

13     57.    Plaintiff Curves is the exclusive licensor of the JENNY CRAIG®

14  Marks.  Through a license with Curves, Jenny Craig has the right to use, and to

15  license others to use, the JENNY CRAIG® Marks.

16     58.    The JENNY CRAIG® Marks have not been abandoned since their

17  first use and all of the JENNY CRAIG® Marks have been, and continue to be, in

18  continuous use.  The JENNY CRAIG® Marks have been duly registered with the

19  USPTO and their registrations remain current.

20     59.    Under the Agreements, Defendants were granted a limited, non-

21  exclusive license to use the JENNY CRAIG® Marks and System in connection

22  with the operation of the Weight Loss and Weight Management Centres, which

23  license expired immediately upon the termination of the Agreements on November

24  16, 2016.

25     60.    By letters dated November 16, 2016, Defendants were informed that

26  as of that date, the effective date of termination, Defendants no longer had

27  Plaintiffs' permission to use the JENNY CRAIG® Marks and System.  Defendants

28  also expressly agreed to discontinue further use of the JENNY CRAIG® Marks

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

and System following the date of termination.  However, despite Defendants' agreement to discontinue further use of the JENNY CRAIG® Marks and System and despite Defendants' actual knowledge that their use of the JENNY CRAIG® Marks and System following the date of termination was no longer authorized and constituted trademark infringement, Defendants continued, and continue, to use the JENNY CRAIG® Marks and System in violation of Plaintiffs' exclusive rights to the JENNY CRAIG® Marks and System.

61.   The unauthorized use of the JENNY CRAIG® Marks and System by Defendants in connection with their operation of the Weight Loss and Weight Management Centres, as explained above, is likely to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of their products and services.  The unauthorized use of the JENNY CRAIG® Marks and System by the Defendants also likely creates the misconception among consumers that Plaintiffs somehow ratify, authorize, and/or are affiliated in some manner with the business of the Defendants, when such is no longer the case.

62.   Because the continued use of the JENNY CRAIG® Marks and System by the Defendants is likely to continue to cause confusion, mistake, and/or deception as to the source, origin, affiliation, or sponsorship of the goods and services promoted under the JENNY CRAIG® Marks, Plaintiffs lacks an adequate remedy at law.  Unless an injunction is issued enjoining the Defendants, and each of them, from any continuing or future infringing use of the JENNY CRAIG® Marks and System, Plaintiffs will continue to sustain irreparable damages.

63.   Pursuant to 15 U.S.C. § 1116(a), Plaintiffs are entitled to an order enjoining the Defendants, and each of them, from using the JENNY CRAIG® Marks and System in connection with the Weight Loss and Weight Management Centres, or in any other manner.

64.   Defendants' acts make this an exceptional case under 15 U.S.C. § 1117(a), such that Plaintiffs are entitled to an award of attorneys' fees and costs

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

1  and Plaintiffs are also entitled to an award of attorneys' fees and costs pursuant to
2  the terms of the Agreements.

### SECOND CLAIM FOR RELIEF

**(By Plaintiffs For False Designation of Origin/False Advertising**
**Under Section 43(a) of the Lanham Act Against All Defendants)**

6      65.    Plaintiffs incorporate by reference the allegations set forth above as
7  though fully set forth herein.

8      66.    Plaintiff Curves is the exclusive licensee of the JENNY CRAIG®
9  Marks and System. Through a license with Curves, Jenny Craig has the right to
10  use, and to license others to use, the JENNY CRAIG® Marks.

11     67.    Despite knowledge of Plaintiffs' legal rights in and to the JENNY
12  CRAIG® Marks and System, Defendants, and each of them, have made, and are
13  believed to continue to make, use in interstate commerce of the JENNY CRAIG®
14  Marks and System without Plaintiffs' permission.

15     68.    Defendants' unauthorized use of the JENNY CRAIG® Marks and
16  System creates a false association between the Defendants and Plaintiffs.
17  Defendants' unauthorized use of the JENNY CRAIG® Marks and System also
18  tends to cause confusion, mistake, and/or deception among consumers as to the
19  source, quality, and nature of their products and services.

20     69.    Plaintiffs are informed and believe, and upon such information and
21  belief allege, that Defendants, and each of them, have engaged in fraudulent
22  business practices, false advertising, and unfair competition by use of the JENNY
23  CRAIG® Marks, associated goodwill, and other rights without the permission of
24  Plaintiffs in an attempt to pass off their services as being affiliated with or
25  sponsored by Plaintiffs.

26     70.    Defendants' use of the JENNY CRAIG® Marks and System,
27  goodwill, and other rights is in direct violation of 15 U.S.C. § 1125(a) et seq., and
28  represents false advertising and false designation of origin and/or source entitling

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

1   Plaintiffs to all remedies available under the law.

2        71.    Plaintiffs are entitled to an order enjoining the Defendants, and each

3   of them, from using the JENNY CRAIG® Marks and System in connection with

4   the Weight Loss and Weight Management Centres, or in any other manner.

5        72.    Plaintiffs are also entitled by statute and pursuant to the terms of the

6   Agreements to an award of attorneys' fees and costs incurred in having to institute

7   this legal action.

8   ### THIRD CLAIM FOR RELIEF

9   **(By Plaintiffs For Trademark Dilution Against All Defendants)**

10        73.    Plaintiffs incorporate by reference the allegations set forth above as

11   though fully set forth herein.

12        74.    Plaintiff Curves is the exclusive licensee of the JENNY CRAIG®

13   Marks.  Through a license with Curves, Jenny Craig has the right to use, and to

14   license others to use, the JENNY CRAIG® Marks.

15        75.    Plaintiffs and their predecessors in interest have invested substantial

16   time and money in advertising and promoting the goods and services offered in

17   interstate commerce under the JENNY CRAIG® Marks such that the JENNY

18   CRAIG® Marks have become distinctive and famous.

19        76.    Despite knowledge of Plaintiffs' legal interests in and to the JENNY

20   CRAIG® Marks, Defendants, and each of them, have made, and are believed to

21   continue to make, use in interstate commerce of the JENNY CRAIG® Marks

22   without Plaintiffs' permission.

23        77.    Defendants' unauthorized use of the JENNY CRAIG® Marks has

24   diluted, and is continuing to dilute, the distinctive quality of the JENNY CRAIG®

25   Marks.

26        78.    As evidenced by their refusal to cease further use of the JENNY

27   CRAIG® Marks following receipt of notices of termination and to cease and

28   desist, Defendants' use of the JENNY CRAIG® Marks following the date of

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

termination was intentional and in conscious disregard of Plaintiffs' rights, and constitutes willful and knowing trademark infringement.

79.     Plaintiffs are entitled to an order enjoining the Defendants, and each of them, from using the JENNY CRAIG® Marks and System in connection with the Weight Loss and Weight Management Centres, or in any other manner.

80.     Plaintiffs also are entitled by statute and pursuant to the terms of the Agreements to an award of attorney's fees and costs incurred in having to institute this legal action.

## FOURTH CLAIM FOR RELIEF

### (By Plaintiffs For Common Law Trademark Infringement Against All Defendants)

81.     Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

82.     The JENNY CRAIG® Marks are the proprietary property of Plaintiffs, who possesses certain common law trademark rights and protections in the JENNY CRAIG® Marks.

83.     The JENNY CRAIG® Marks are an indicator of source and are associated with Plaintiffs' products and services.

84.     Defendants, and each of them, are aware of Plaintiffs' rights in and to the JENNY CRAIG® Marks as an indicator of source.

85.     Under the Agreements, Plaintiff Jenny Craig granted to Defendants a limited, non-exclusive license to use the JENNY CRAIG® Marks in connection with the franchises, which license expired immediately upon the termination of the franchises on November 16, 2016.

86.     Defendants were informed that, as of the date of termination of the Agreements, they no longer had permission to use the JENNY CRAIG® Marks. Pursuant to the Agreement, Defendants expressly agreed to discontinue further use of the JENNY CRAIG® Marks following the date of termination.

-17-
COMPLAINT

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

87.     However, despite Defendants' agreement to discontinue further use of the JENNY CRAIG® Marks and despite the Defendants' actual knowledge that they were no longer authorized to use the JENNY CRAIG® Marks following the date of termination, the Defendants continued, and continue, to use the JENNY CRAIG® Marks in violation of Plaintiffs' exclusive rights to the JENNY CRAIG® Marks.

88.     Defendants were consciously aware of the JENNY CRAIG® Marks and have used the JENNY CRAIG® Marks to advertise and promote their Weight Loss and Weight Management Centres with full knowledge and disregard of Plaintiffs' rights.

89.     Defendants' unauthorized use of the JENNY CRAIG® Marks following the date of termination to advertise and promote their Weight Loss and Weight Management Centres infringes Plaintiffs' common law trademark rights in and to the JENNY CRAIG® Marks.

90.     As a direct and proximate result of the foregoing conduct, Plaintiffs are entitled to a preliminary and permanent injunction, and to any and all other relief the Court deems just and proper under the law.

91.     Pursuant to the Agreements, Plaintiffs also are entitled to an award of attorney's fees and costs incurred in having to institute this legal action.

## FIFTH CLAIM FOR RELIEF

### (By Plaintiffs For Common Law Unfair Competition
### Against All Defendants)

92.     Plaintiffs incorporate by reference the allegations set forth above as though fully set forth herein.

93.     Plaintiff Curves is the exclusive licensee of the JENNY CRAIG® Marks.  Through a license with Curves, Jenny Craig has the right to use, and to license others to use, the JENNY CRAIG® Marks.

-18-
COMPLAINT

94.     Despite knowledge of Plaintiffs' legal interest in and to the JENNY CRAIG® Marks, the Defendants, and each of them, have made, and are believed to continue to make, use in commerce of the JENNY CRAIG® Marks without Plaintiffs' permission and/or beyond the permission that Plaintiffs granted.

95.     Defendants, and each of them, have engaged in a pattern of unfair, deceptive, and fraudulent acts to enrich themselves by misappropriating the JENNY CRAIG® Marks and using the JENNY CRAIG® Marks for their own benefit.

96.     Defendants' unauthorized use of the JENNY CRAIG® Marks creates a false association between the Defendants and Plaintiffs and tends to cause confusion, mistake, and/or deception among consumers as to the source, quality, and nature of their goods and services.

97.     Plaintiffs are informed and believe, and upon such information and belief allege, that the Defendants, and each of them, have engaged in fraudulent business practices, false advertising, and unfair competition by using the JENNY CRAIG® Marks, associated good will, and other rights of Plaintiffs, without permission and/or beyond the permission that Plaintiffs granted, in an attempt to pass off the Defendants' services as being affiliated with or sponsored by Plaintiffs.

98.     Plaintiffs have been damaged and will continue to be damaged by the Defendants' unlawful, unfair, and/or fraudulent business practices and misleading advertising as alleged herein.  Plaintiffs therefore are entitled to a preliminary and permanent injunction enjoining the Defendants, and each of them, from using the JENNY CRAIG® Marks in connection with the Defendants' Weight Loss and Weight Management Centres, or in any other manner.

WHEREFORE, Plaintiffs pray as follows:

1.     For judgment that the federally registered JENNY CRAIG® Marks and common law JENNY CRAIG® Marks have been infringed by Defendants;

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071

2.      For preliminary and permanent injunctions against Defendants' continued infringement through the use of the JENNY CRAIG® Marks, operation of the Weight Loss and Weight Management Centres, and identification of Defendants with Plaintiffs, preventing their continued infringement and preventing continued unfair competition;

3.      For an order that, by the acts complained of herein, the Defendants have engaged in false designation of origin and false advertising, in violation of 15 U.S.C. § 1125(a).

4.      For an order that, by the acts complained of herein, the Defendants have infringed Plaintiffs' common law trademark rights.

5.      For preliminary and permanent injunction enjoining the Defendants, and each of them, and their agents, servants, employees, and all persons acting in concert with them from:

a.      Using the JENNY CRAIG® Marks and System in marketing, advertising, or promotional materials or otherwise in connection with the Defendants' Weight Loss and Weight Management Centres, or in any other manner;

b.      Otherwise infringing the JENNY CRAIG® Marks; and

c.      Causing likelihood of confusion, deception, and/or mistake as to the source, nature, and/or quality of the Defendants' goods and services.

6.      For an order directing the Defendants, and each of them, to file with the Court and serve on Plaintiffs within thirty (30) days after service of an injunction, a written report, signed under oath, setting forth in detail the manner and form in which the Defendants have complied with the injunction.

7.      For reasonable attorneys' fees;

8.      For costs of suit incurred herein; and

///

///

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071

9.    For such other and further relief as the court may deem proper.

Dated:  January 3, 2017                    GORDON & REES LLP


By:   /s Aaron P. Rudin
      Calvin E. Davis
      Aaron P. Rudin
      Attorneys for Plaintiffs
      JC FRANCHISING, INC. and
      CURVES INTERNATIONAL
      HOLDINGS, INC.

Gordon & Rees LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA 90071